UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GARY FLETT,<br><br>            Plaintiff,<br><br>  vs.<br><br>ELDON VAIL, and MAGGIE MILLER-STOUT,<br><br>            Defendants. | NO. CV-09-091-CI<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING COMPLAINT IN PART, DECLINING SUPPLEMENTAL JURISDICTION, AND DIRECTING SERVICE ON REMAINING DEFENDANTS |

**\*\*\*ACTION REQUIRED\*\*\***

BEFORE THE COURT is Plaintiff's Objection to the Report and Recommendation to dismiss his First Amended Complaint in part (Ct. Rec. 6.) After review of the record and being fully advised in this matter, **IT IS ORDERED** the Report and Recommendation is **ADOPTED in its entirety**.

In his objections, Plaintiff contends the Magistrate Judge misinterpreted his complaint when stating Plaintiff had alleged negligence. Plaintiff asserts Defendants Himlie and Barfknecht acted maliciously and recklessly in violation of established policies when they destroyed his personal property.

Regardless whether the state officials acted negligently or intentionally and without authorization, deprivation of property does not give rise to a federal cause of action under § 1983 if the plaintiff has an adequate post-deprivation state remedy. *Hudson v. Palmer*, 468

ORDER ADOPTING REPORT AND RECOMMENDATION AND DIRECTING SERVICE -- 1

U.S. 517, 533 (1984); *Parratt v. Taylor,* 451 U.S. 527, 544 (1981). Washington law provides that prisoners who believe property of value belonging to them has been lost or damaged due to tortious conduct by prison staff may file a claim pursuant to RCW 4.92.100. *See also* WAC 137-36-060.

State law provides Plaintiff an adequate post-deprivation state remedy, regardless whether he is satisfied with that remedy. His § 1983 personal property claim against Defendants Himlie and Barfknecht for monetary damages in the amount of $12,000,000.00 lacks an arguable basis in law. Therefore, **IT IS ORDERED** Plaintiff's claim against Defendants Himlie and Barfknecht is **DISMISSED with prejudice** as to his federal claim, but **without prejudice** as to any state claim. The District Court Executive shall **TERMINATE** Defendants Himlie and Barfknecht from this action and **REMOVE** them from the caption of the First Amended Complaint (Ct. Rec. 6.)

**SERVICE OF REMAINING CLAIM**

Mr. Flett has alleged facts sufficient for service of process on Defendants Eldon Vail and Maggie Miller-Stout. He seeks declaratory relief, challenging prison regulation DOC 560.210.II.A.4. under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.* (2000)( "RLUIPA"). Therefore, **IT IS ORDERED**:

1. The United States Marshal, in compliance with Federal Rule of Civil Procedure 4(c)(2) and (d), shall send, by First Class Mail, the Summons, First Amended Complaint (Ct. Rec. 4) and this Order, upon Defendants Vail and Miller-Stout, together with a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of

ORDER ADOPTING REPORT AND RECOMMENDATION AND DIRECTING SERVICE -- 2

Service of Summons and a return envelope, postage prepaid, addressed to the sender. The costs of mailing shall be advanced by the United States.

2. The District Court Executive shall mail a copy of the First Amended Complaint (Ct. Rec. 4) to the Office of the Attorney General for the State of Washington, Criminal Justice Division.

3. Defendants shall file an answer or otherwise respond to Plaintiff's claims regarding RLUIPA contained in the First Amended Complaint within sixty (60) days after mailing (if formal service is waived), forty-five (45) days if service is not waived. Failure to so respond may result in entry of a default judgment, pursuant to Local Rule 55.1. A Notice of Appearance is not an adequate response.

4. **The District Court Executive shall set a case management deadline sixty (60) days after the date of this Order.**

5. Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the court. He shall include, with the original paper to be filed with the District Court Executive, a certificate stating the date a true and correct copy of any document was mailed to the Defendants or to their counsel. Any paper received by a District Judge or Magistrate Judge which has not been filed with the District Court Executive or which fails to include a certificate of service will be disregarded by the court. Plaintiff is also advised that, throughout this action, he must notify the District Court Executive regarding any change of address and phone number (at least a message phone). Failure to do so might result in the dismissal

ORDER ADOPTING REPORT AND RECOMMENDATION AND DIRECTING SERVICE -- 3

of the action if the court is unable to contact Plaintiff.

**SUPPLEMENTAL JURISDICTION**

Plaintiff seeks to invoke this Court's supplemental jurisdiction over his state property claim, or in the alternative to transfer that claim to a State Superior Court.  The property claim does not form part of the same case or controversy as Plaintiff's challenge to a prison regulation under RLUIPA.  28 U.S.C. § 1367(a).  Having dismissed Plaintiff's § 1983 property deprivation claim, the Court declines to exercise jurisdiction over a state law claim of reckless and malicious deprivation of property.  The court also declines Plaintiff's invitation to transfer this action to a state court due to lack of jurisdiction.  If he wishes to do so, Plaintiff may refile his deprivation of property claim in state court.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and forward a copy to Plaintiff.

**DATED** this      23rd      day of October 2009.

                          S/ Edward F. Shea
                         EDWARD F. SHEA
                    UNITED STATES DISTRICT JUDGE

Q:\Civil\2009\9cv91ci-9-16-disinpartSERVE.wpd

ORDER ADOPTING REPORT AND RECOMMENDATION AND DIRECTING SERVICE -- 4